5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Antonio TORRES, Defendant-Appellant.
 No. 92-4061.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1993.
 
 Before LOGAN, SEYMOUR, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Jose Antonio Torres entered a conditional guilty plea to a charge of possession with intent to transfer false United States identification documents. 18 U.S.C. 1028(a)(3) (1988). He filed a motion to suppress evidence obtained during a valid stop of an automobile he was driving. The district court denied the motion. Mr. Torres appeals, and we affirm.
 
 
 3
 Mr. Torres and two companions were driving east through Utah when Deputy Sheriff Phil Barney stopped them for exceeding the speed limit. Mr. Torres was the driver but did not have a driver's license or registration. The back seat passenger produced the vehicle's registration papers and stated that his brother owned the car. Officer Barney ran an NCIC check on the vehicle and its passengers. The check was negative, so he issued a citation to Mr. Torres for driving without a driver's license.
 
 
 4
 Officer Barney had noticed that the occupants of the car appeared extremely nervous when he initially spoke with them, and they remained nervous after the NCIC check. Officer Barney returned the registration to the passenger in the back seat and asked Mr. Torres to sign the ticket book. He then asked the back seat passenger whether they had any guns or drugs with them. The passenger said no. Officer Barney asked the passenger if he could search the vehicle. The passenger answered yes, and Officer Barney asked the occupants to step out of the vehicle. Mr. Torres handed the ticket to the officer. During his search, Officer Barney uncovered a package which he believed contained illegal drugs. He asked what was in the package and was told it contained papers. He asked who owned the package but no one claimed ownership. Officer Barney opened the package and discovered 204 counterfeit temporary resident alien cards, 204 fraudulent social security cards, and 2 counterfeit resident alien cards. He then arrested the occupants.
 
 
 5
 Mr. Torres claims that he has standing to object to the search of the vehicle even though he is not the owner. On the merits, he contends that his Fourth Amendment rights were violated when Officer Barney's seizure of the automobile lasted longer than necessary, that the officer did not have probable cause or reasonable suspicion to continue the stop, and that the consent to search the vehicle was not freely given.
 
 
 6
 The district court found that "the stop and detention of the vehicle was not illegal. The stop was made for valid traffic enforcement purposes. The detention was not delayed beyond the time reasonably necessary to complete the purpose of the stop. Furthermore, Officer Barney was justified in the detention because the circumstances surrounding the stop justified a reasonable suspicion of illegal activity." Rec., vol. I, doc. 25 at 8. The court also found that Mr. Torres lacked standing to object to the search, id. at 10, and that in any event, a free and voluntary consent to search was obtained, id. at 11.
 
 
 7
 We review the district court's factual findings for clear error, and we review the district court's determination of reasonableness under the Fourth Amendment de novo. United States v. Jefferson, 925 F.2d 1242, 1248-49 (10th Cir.), cert. denied, 112 S.Ct. 238, 239 (1991). The facts in this case are similar to those in Jefferson, where one of the defendants was the driver of the car and the owner was present as a passenger. We held that the driver-defendant did not possess a protected privacy interest under the Fourth Amendment when the owner of the vehicle was present. Id. at 1249, 1251. Similarly, in United States v. Arango, 912 F.2d 441, 444 (10th Cir.1990), cert. denied, 111 S.Ct. 1318 (1991), the defendant argued that he had standing to object to the search of a truck he was driving, although he was not the owner. We rejected that claim citing Rakas v. Illinois, 439 U.S. 128 (1978), and reiterated the rule that "Fourth [A]mendment rights are personal and cannot be asserted vicariously." Arango, 912 F.2d at 445; Rakas 439 U.S. at 133-34.
 
 
 8
 The burden is on Mr. Torres to establish that he has standing to contest the search of the vehicle. Rakas, 439 U.S. at 130 n. 1. Mr. Torres did not present evidence showing that he possessed a privacy interest in the vehicle or a possessory interest in the seized package or its contents. In fact, he testified that he did not own or borrow the car. Rec., vol. II at 14-15. Instead, the back seat passenger produced registration papers and claimed that his brother owned the car. Mr. Torres has not shown that he possessed a reasonable expectation of privacy in the car or in the items in the car. Therefore, he lacks standing to object to the search of the vehicle. See Jefferson, 925 F.2d at 1248-51; Arango, 912 F.2d at 444-46. Because Mr. Torres has no standing to object to the search of the vehicle, we need not address whether consent to search was validly obtained.
 
 
 9
 We turn next to Mr. Torres' challenge to the stop and detention of the vehicle. As an occupant of the car, Mr. Torres properly has standing to object to the stop as a seizure of his person. United States v. Erwin, 875 F.2d 268, 270 (10th Cir.1989). An officer may not delay a traffic stop beyond the time necessary to issue a citation. See United States v. Walker, 933 F.2d 812, 816 & n. 2 (10th Cir.1991), cert. denied, 112 S.Ct. 1168 (1992). Mr. Torres asserts that
 
 
 10
 Officer Barney extended the seizure beyond the minimum necessary to complete a traffic stop by asking questions after handing defendant the registration and ticket book. By so doing he was able to extend the duration of the stop for over a minute while defendant struggled to simultaneously sign unfamiliar documents and to answer questions.... During that minute Officer Barney was able to get consent to search.
 
 
 11
 Aplt.Br. at 4. The district court found, however, that Officer Barney detained the occupants no longer than necessary to complete the traffic citation. Rec., vol. I, doc. 25 at 4. The record reflects that the officer questioned the back seat passenger after the officer had returned the registration papers and while Mr. Torres was signing the ticket book. There is no evidence to the contrary. Under these circumstances, we cannot say that the district court's finding was clearly erroneous. Because the detention of the vehicle and its occupants was not delayed more than necessary, we need not address whether Officer Barney had probable cause or reasonable suspicion to continue the stop.
 
 
 12
 The district court's denial of Mr. Torres' motion to suppress is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3